# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KIRK E. BINTZLER,**

        Petitioner,

v.                                            **Case No. 01-CV-807**

**MATTHEW FRANK,**

        Respondent.

---

## DECISION AND ORDER ON THE HABEAS CORPUS PETITION

---

On August 9, 2001, Kirk E. Bintzler, ("Bintzler") filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254. The petition was screened in accord with Rule 4 of the Rules governing section 2254 cases, the respondent was ordered to answer certain of Bintzler's claims, and the pleadings on Bintzler's petition are now closed.

Bintzler argues that (1) he was denied a right to appeal; (2) he was denied effective assistance of post-conviction counsel; (3) he was denied access to exculpatory evidence; (4) the statement used as evidence against him was the product of coercion; (5) the trial court's denial of his justification defense violated his Due Process rights, and Bintzler alleges that the trial court's modification of his sentence (6) violated the Double Jeopardy Clause, (7) constituted an unconstitutional sentence in abstentia, and (8) was void for vagueness.

1

## Facts

On March 24, 1995, following a jury trial in Milwaukee County Circuit Court in which Bintzler represented himself with the assistance of standby counsel, Bintzler was convicted of three state felonies. Specifically, Bintzler was convicted of one count of theft by fraud, in violation of Wisconsin Statute. § 943.20(1)(d) and (3)(c), and two counts of making a false statement in application for certificate of title in violation of Wisconsin Statute § 342.06(2). On June 20, 1995 Judge Diane Sykes sentenced Bintzler, as to count one, ten years "consecutive to Federal Sentence," as to count two, five years, consecutive to count one, and as to count three, five years concurrent to count two. Previously, on November 9, 1994, Bintzler was sentenced in federal court to 75 months in prison for being a felon in possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 22, 1995, Judge Sykes signed an order in which she stated that she was informed that by operation of federal law, the federal sentence would follow rather than precede the state sentence even though the federal court's judgment predated the state conviction. Accordingly, Judge Sykes modified the judgment of conviction in order to facilitate Bintzler's immediate transfer to the Wisconsin state prison system. Judge Sykes ordered the judgment of conviction to delete the reference to the sentence running consecutive but noted that this should not be interpreted to mean that the sentence is concurrent.

## Standards of Review

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

Case 2:01-cv-00807-AEG   Filed 07/14/06   Page 2 of 12   Document 21

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

3

Under section 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, --- U.S. ---, 126 S.Ct. 969, 974 (2006)(citing Miller-El v. Dretke, 545 U.S. ----, ----, 125 S.Ct. 2317, 2325 (2005)).

And finally, if the petitioner demonstrates constitutional error under section 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995)(internal citations omitted).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the eight challenges raised by Bintzler.

**Right to Effective Assistance of Appellate Counsel**

Bintzler argues that his appointed appellate counsel provided ineffective assistance by submitting a No Merit Report and failing to argue that Judge Sykes had illegally modified his sentence by striking from the judgment of conviction the statement that count one should run consecutive to the federal sentence. The Wisconsin Court of Appeals considered and rejected this argument finding that a defense challenge in state court would have been inappropriate because the state court has no control over how a federal sentence is run. The court states that upon its review of the case law, Bintzler's attorney's performance was not deficient and Bintzler's proper forum for relief is federal court.

4

Although the Court of Appeals is limited in its explanation of its reasoning, this court cannot say that the Court of Appeals' decision was an unreasonable application of or contrary to a clearly established federal law as determined by the Supreme Court. When a state provides defendants with an initial appeal as of right, the defendant is entitled to the effective assistance of an attorney. Evitts v. Lucey, 469 U.S. 387, 396 (1985). However, Bintzler fails to provide sufficient argument to substantiate his assertion that his attorney's performance was unreasonable and prejudicial. Although Bintzler fails in satisfying this initial burden, he further fails to satisfy his additional burden of showing how the Wisconsin Court of Appeals' determination that his attorneys performance was reasonable amounted to an unreasonable application of or contrary was to a clearly established federal law as determined by the Supreme Court.

## Right to Appeal

Bintzler argues that he was denied his right to appeal because the screening process used by the Court of Appeals did not comport with Anders v. California, 386 U.S. 738 (1967).

The court begins by noting that there is no constitutional right to an appeal. Evitts, 469 U.S. at 393 (citing McKane v. Durston, 153 U.S. 684 (1894)). However, once a state extends criminal defendants the right to appeal, certain constitutional protections, including the right to effective assistance of counsel, come into play. Specifically, an indigent defendant is entitled to certain protections when his appointed attorney believes that a defendant has no meritorious appellate claims. It is pursuant to this constitutional protection that Bintzler argues that the Court of Appeals violated Anders in its review of the No Merit Report.

Respondent argues that Bintzler procedurally defaulted this argument by failing to raise it in either his original or supplemental petitions for review. The court agrees with this argument. Although Bintzler does argue in his collateral attack proceedings that the Court of Appeals

5

violated Anders, this argument was not presented on direct appeal. Specifically, Bintzler should have presented the argument in his petition for review to the Wisconsin Supreme Court. Bintzler's failure to do so resulted in a procedural bar in raising the claim in a subsequent state collateral attack. See State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). On this basis, the trial court and Court of Appeals denied this and other of Bintzler's claims raised in his collateral attack of his conviction.

"A federal court entertaining a petition for a writ of habeas corpus will not review a question of federal law if it determines that the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." Page v. Frank, 343 F.3d 901, 905 (7th Cir. 2005). "In assessing whether a state court ruling is based on an 'independent and adequate' determination of state law, the federal court must refer to the decision of the last state court to have ruled on the merits." Id. (citing Schultz v. Page, 313 F.3d 1010, 1015 (7th Cir. 2002); Brooks v. Walls, 279 F.3d 518, 522 (7th Cir. 2002)).

In the present case, the highest court to review Bintzler's claims clearly relied upon the procedural default rule set forth in Escalona-Naranjo. The Escalona-Naranjo rule constitutes an adequate independent state ground, see Perry v. McCaughtry, 308 F.3d 682, 692 (7th Cir. 2002), and therefore Bintzler's claims must fail.

### Access to Exculpatory Evidence

Bintzler argues that he was denied access to exculpatory evidence concerning a prosecution witness and confidential informant, in violation of Kyles v. Whitley, 514 U.S. 419, 437 (1995) and Brady v. Maryland, 373 U.S. 83, 87 (1963). The respondent argues that Bintzler waived this argument by failing to object at trial or alternatively that the Court of Appeals' holding was not contrary to or an unreasonable application of a clearly established Supreme Court

6

precedent. The court agrees with both of the respondent's arguments. Additionally, Bintzler has failed to demonstrate that there was a sufficient reason for his failure to timely request disclosure of the evidence that he regards as exculpatory. Finally, Bintzler fails to effectively demonstrate how the evidence he alleges was improperly withheld was "of sufficient significance to result in the denial of the defendant's right to a fair trial." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (quoting United States v. Agurs, 427 U.S. 97, 108 (1976)).

### Coerced Statement

Bintzler argues that his conviction violates the Constitution because it came as a result of his coerced confession, which would be a violation of his Fifth Amendment rights. However, Bintzler fails to present any argument as to how the Court of Appeals' rejection of these claims was plainly contrary to or an unreasonable application of a Supreme Court precedent. The Court of Appeals rejected these claims by saying that Bintzler failed to present any evidence that the police utilized coercive practices. Again, Bintzler fails to articulate such an argument but simply makes the statement that he "has present[ed] more than enough evidence." (Bintzler Pet. at 24). This statement is insufficient and therefore the petitioner's argument must fail.

### Justification Defense

The petitioner argues that the court's refusal to allow him to present a justification defense violated his Due Process rights. However, Bintzler has procedurally defaulted this claim. On his direct appeal he failed to argue that this denial constituted a Due Process violation but instead argued that the denial was a violation of state law. Additionally, he failed to include it in his original or supplemental petitions for review to the Wisconsin Supreme Court. Therefore, because Bintzler has failed to provide any basis as to excuse his defaults, the court must reject this argument.

## Sentencing Issues

During the pendency of Bintzler's state prosecution, he was simultaneously being prosecuted in federal court, and was in custody subject to a federal hold. On September 12, 1994, the state court released Bintzler without bail but he remained in custody pursuant to a federal hold. He had previously pled guilty to the federal charges and was awaiting sentencing. On November 9, 1994, the federal court sentenced Bintzler to 75 months imprisonment but he was returned to the county jail awaiting resolution of his state charges. On March 13, 1995, Bintzler informed the state court that his federal sentence was being stayed pending the resolution of the state charges. A jury then convicted Bintzler of the state charges. At Bintzler's sentencing on June 20, 1995, the court sentenced Bintzler to ten years in prison to be served consecutively to the federal prison sentence and any other sentences. The court also sentenced the defendant to an additional five years in prison for counts two and three, with this time to be served concurrently to one another but consecutive to any other sentence. On June 22, 1995, the court entered an order amending the sentence. This order stated that the court had been informed that by operation of federal law and pursuant to the detainer issued by the United States Marshal's Office, Bintzler's federal sentence would follow the completion of the state sentence. The court ordered the judgment of conviction to be amended to delete the reference to the state sentence running consecutive to the federal sentence but added that this should not be construed to mean that the state and federal sentences were concurrent.

As it is explained by the respondent, when Bintzler was released without bail on July 12, 1994, the state officials never notified the United States Marshals of this fact. From the perspective of the federal authorities, Bintzler was in state custody and appeared in federal court pursuant to a federal detainer. Had the state appropriately informed the United States Marshals,

8

Bintzler would have been transported to a federal prison to begin serving his federal sentence following his November 9, 1994 sentencing. Had all these things occurred as they should have, the state court's order that Bintzler serve his state sentence after his federal sentence would have been entirely proper. If the state had properly informed the federal authorities that Bintzler was released without bail, the effect would have been that he would have served his federal sentence prior to his state sentence. However, because of the error, Bintzler served his state sentence prior to his federal sentence. Although the order in which a state or federal sentence is served may at first appear irrelevant, the respondent explains that the issue is significant because the state parole board counts time in federal custody for purposes of calculating parole release whereas the inverse is not true under federal law. However, the court is provided no authority to substantiate these assertions. The respondent simply cites Bintzler's own reply brief to the Wisconsin Court of Appeals in case number 99-2908. In this brief, Bintzler provides no authority to support his assertion.

Although there appears to be an error of some degree relating to Bintzler's sentence, Bintzler makes no assertion that this error was of a constitutional dimension and cognizable in a federal habeas action. Rather, Bintzler's allegations do not appear to directly relate to the recognized error of the state's failure to notify the United States Marshals of Bintzler's release without bail but instead focus entirely upon the trial court's modification of the sentence. Nonetheless, the court will analyze each of Bintzler's complaints.

**Sentence Was Void for Vagueness**

Bintzler argues that the modified sentence is void because it impermissibly vague. The Court of Appeals summarily rejected the contention that there was anything vague about the modified sentence. The respondent argues now that this court must reject Bintzler's arguments

9

because the Court of Appeals' decision was not contrary to or an unreasonable application of a clearly established Supreme Court precedent. The court agrees with the respondent. The only citations that Bintzler provides are to <u>United States v. Martin</u>, 467 F.2d 1366 (7th Cir. 1972), and <u>United States v. Solomon</u>, 468 F.2d 848 (7th Cir. 1972). In addition to not being directly on point, obviously, neither of these cases are precedents of the United States Supreme Court. Therefore, Bintzler fails to demonstrate that the Court of Appeals' rejection of his claims was contrary to or an unreasonable application of a clearly established Supreme Court precedent.

### Sentence Violated Double Jeopardy

Bintzler's amended petition includes the following argument: Judge Sykes' modification of the sentence, so that it runs prior to the federal sentence was actually a modification that added time to his sentence, which is a violation of his protection against double jeopardy. Bintzler cites two state law cases in support of his argument: <u>State v. Willett</u>, 618 N.W.2d 881 (Wis. Ct. App. 2000) and <u>State v. North</u>, 283 N.W.2d 457 (Wis. Ct. App. 1979). The respondent argues that Bintzler has procedurally defaulted this claim by raising it for the first time in his reply brief in his collateral attack proceeding in the Court of Appeals. Pursuant to Wisconsin's rules of appellate procedure, issues raised for the first time in a reply brief will not be considered by the Court of Appeals.

The court rejects the respondent's argument in this regard. The respondent is asking the court to refuse to consider Bintzler's claim on the basis that he failed to comply with a state procedural rule. However, the court is unable to apply the adequate and independent state grounds doctrine because there is no indication that the Court of Appeals relied upon the rule. Rather, the Court of Appeals appears to have completely ignored Bintzler's contention. The Court of Appeals may have rejected the matter because it was improperly raised or the court may have simply

missed the argument. In either event, the complete omission of Bintzler's argument falls short of the requirement that the reliance upon the state procedural rule be explicit. Harris v. Reed, 489 U.S. 255, 264, 266 (1989); Rogers-Bey v. Lane, 896 F.2d 279, 282 (7th Cir. 1990).

Analyzing Bintzler's argument on its merits, the court begins by noting that Bintzler provides only Wisconsin Court of Appeals cases in support. These are not appropriate authorities to rely upon in a federal habeas action. The most relevant precedent of the United States Supreme Court, United States v. Difrancesco, 449 U.S. 117 (1980), does not support Bintzler's arguments. Even assuming that the trial court's modification of Bintzler's sentence had the effect of increasing his sentence, Difrancesco holds that this type of action by the court does not violate the Double Jeopardy Clause. Id. at 134-35. Therefore, Bintzler's argument must fail.

### Sentence Modification Constituted a Sentence in Abstentia

In this ground, the petitioner is arguing that he was entitled to be present when Judge Sykes modified his sentence so that it will run prior to the federal sentence (at the sentencing, she ordered the sentence to run consecutive to the prior imposed federal sentence). He argues that his absence violates his Fourteenth Amendment Due Process rights.

The question here is twofold: (1) whether Judge Sykes' order was a sentence correction, sentence modification or a re-sentencing and (2) depending on which of these it is, whether the Fourteenth Amendment required the court to have the defendant present.

The respondent first denies that the sentence modification was an unlawful sentence in abstentia and second argues that the Court of Appeals' rejection was not contrary to or an unreasonable application of a clearly established Supreme Court precedent.

This court need not determine whether the trial court's modification of Bintzler's sentence constituted a sentence in abstentia because the Supreme Court has not recognized that a defendant

11

has a Due Process right to be present at sentencing. When the Court of Appeals ruled on Bintzler's motion, a defendant's right to be present at sentencing was recognized by the Wisconsin Court of Appeals. State v. Koopmans, 550 N.W.2d 715, 721 (Wis. Ct. App. 1996). However, this right to be present was based upon a state statute, Wis. Stat. § 971.04(1)(g), rather than a federal constitutional guaranty. To the extent that the Court of Appeals relied upon a federal constitutional guaranty to support its opinion, the Wisconsin Supreme Court has subsequently reversed this precedent. State v. Greve, 2004 WI 69, ¶ 31 n.7, 272 Wis. 2d 444. In any event, there is no clearly established federal constitutional right to be present at sentencing, as is evident by the many states that permit such actions, Koopmans, 550 N.W.2d at 721 n.5 (citing cases), and therefore Bintzler's argument must fail.

For all the reasons discussed herein, the court now enters the following order on the petition for habeas corpus relief:

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **denied** and this case is **dismissed** on its merits.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge