UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KIRK E. BINTZLER,**

   Petitioner,

v.             **Case No. 01-CV-807**

**MATTHEW FRANK,**

   Respondent.

## ORDER ON PETITIONER'S MOTION TO RECONSIDER

On August 9, 2001, Kirk E. Bintzler, ("Bintzler") filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254. The petition was screened in accord with Rule 4 of the Rules Governing Section 2254 cases and the respondent was ordered to answer certain of Bintzler's claims. On July 14, 2006, the court denied Bintzler's petition.

On July 27, 2006 Bintzler filed a motion pursuant to Federal Rule of Civil Procedure 59(e) seeking the court to alter or amend the judgment, a motion for the appointment of counsel, and a motion to proceed in forma pauperis.

A motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." First Nat. Bank in Manitowoc v. Cincinnati Ins. Co., 321 F.Supp.2d 988, 992 (E.D. Wis. 2004). To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000). A manifest error is not demonstrated by the disappointment of the losing party. Rather, manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id.

In his motion for reconsideration, Bintzler presents additional case law to support his claim that his incarceration is in violation of federal law. This additional information does not demonstrate how Judge Sykes' actions were a violation of clearly established federal law. Rather, Bintzler presents an argument as to how his federal sentence was in violation of federal law. However, those issues are not before this court. Additionally, Bintzler's additional case law does not support his motion for reconsideration because Bintzler cites only circuit court precedent rather than Supreme Court precedent, as is required to entitle a petitioner to relief under § 2254. 28 U.S.C. § 2254(d)(1). Therefore, Bintzler's motion for reconsideration shall be denied.

Bintzler also requests the appointment of counsel to assist him in the present motion for reconsideration and, if applicable, assist in requesting a certificate of appealability. Specifically, Bintzler requests that the court appoint Attorney Thomas Wilmouth of the Federal Defender Services of Wisconsin because Attorney Wilmouth has been appointed to represent Bintzler in the factually related case, 00-CV-1309.

Pursuant to 28 U.S.C. § 2254(h), the court may appoint counsel for a petitioner who is unable to afford counsel. Appointment of counsel is governed by 18 U.S.C. § 3006A (the Criminal Justice Act). "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). Upon a determination by the court that "the interests of justice so require, representation may be provided for any financially eligible person" seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A (a)(2). In addition, representation is appropriate only when (1) given the difficulty of the case and the petitioner's ability, the petitioner cannot obtain justice without an attorney; (2) the petitioner cannot retain an attorney on his own; (3) the petitioner will have a "reasonable chance" of success with an attorney. Winsett, 130 F.3d at 281 (citing Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir.1997).

2
Case 2:01-cv-00807-AEG   Filed 08/02/06   Page 2 of 3   Document 27

The present case is not an extraordinary circumstance. Based upon a review of Bintzler's financial information, it appears that Bintzler is unable to afford counsel, but the court does not believe that the interests of justice require the appointment of counsel in this case. Specifically, the court is not persuaded that the petitioner would have a reasonable chance of success with an attorney. Additionally, the court does not believe that appointment of counsel is necessary because the petitioner is unable to obtain justice while proceeding pro se. The court does not find the legal issues involved to be particularly complex and the petitioner has demonstrated an appropriate ability in pursuing this matter. Therefore, Bintzler's motion for appointment of counsel shall be denied.

Finally, Bintzler requests to proceed in forma pauperis on appeal. Although Bintzler has filed a Notice of Appeal, at this point, Bintzler has not requested a certificate of appealability. A certification of appealability is a prerequisite to the pursuit of an appeal. 28 U.S.C. § 2253. Therefore, the court shall permit Bintzler to request a certificate of appealability **within thirty days** of this order at which time the court shall rule on Bintzler's request to proceed in forma pauperis. Bintzler's failure to request a certificate of appealability within thirty days of this order shall result in the court denying Bintzler's request to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that the petitioner's motion for reconsideration is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's motion for appointment of counsel is **denied**.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge