# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KIRK E. BINTZLER,**

        Petitioner,

v.                                           **Case No. 01-CV-807**

**MATTHEW FRANK,**

        Respondent.

## ORDER

On August 9, 2001, Kirk E. Bintzler, ("Bintzler") filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254. Bintzler argues that (1) he was denied a right to appeal; (2) he was denied effective assistance of post-conviction counsel; (3) he was denied access to exculpatory evidence; (4) the statement used as evidence against him was the product of coercion; (5) the trial court's denial of his justification defense violated his Due Process rights, and Bintzler alleges that the trial court's modification of his sentence (6) violated the Double Jeopardy Clause, (7) constituted an unconstitutional sentence in absentia, and (8) was void for vagueness.

All parties consented to the full jurisdiction of a magistrate judge and on July 14, 2006, this court denied Bintzler's petition on its merits. On July 27, 2006, Bintzler filed a motion for reconsideration, a motion to appoint counsel, and a motion to proceed in forma pauperis. On August 2, 2006, this court denied Bintzler's motions to for reconsideration and for appointment of counsel. As for Bintzler's motion to proceed in forma pauperis, the court noted that Bintzler had failed to request a certificate of appealability ("COA"). Therefore, the court granted Bintzler thirty

1

days in which to request a COA at which time the court would resolve Bintzler's motion to proceed in forma pauperis.

On August 3, 2006, Bintzler filed a motion to supplement the record. (Docket No. 28.) The respondent has responded to this motion. On September 5, 2006, Bintzler filed a motion for relief from judgment, a motion to reconsider the denial of appointment of counsel, and requested a COA. The respondent has responded to Bintzler's motion for relief from judgment and Bintzler has replied. The pleadings on the petitioner's motions are closed and ready for resolution.

## MOTION FOR RELIEF FROM JUDGMENT

Bintzler's motion for relief from judgment is essentially a re-argument of the substantive arguments of his petition and motion to alter judgment. As such, it shall be denied as a successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 538 (2005).

## MOTION TO PROCEED IN FORMA PAUPERIS

Based upon the information contained in Bintzler's motion to proceed in forma pauperis and the attached documents, the court is satisfied that Bintzler is indigent and therefore his motion shall be granted.

## REQUEST FOR COA

Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, a petitioner is not required to prove that some jurists might grant the petition; "a claim can be debatable even though every jurist of reason might agree." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

As for Bintlzer's claim that he was denied effective assistance of counsel on appeal, this

court determined that Bintzler was unable to demonstrate that his attorney's performance was unreasonable or prejudicial. The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

As for Bintzler's claim that he was denied his right to appeal by the court of appeals' review of his attorney's No Merit Report, this court determined that this claim was procedurally defaulted. The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

As for Bintzler's claim that he was denied access to exculpatory evidence, this court rejected this argument on the basis that Bintzler waived this argument by failing to object at trial and additionally or alternatively Bintzler failed to demonstrate that there was a sufficient reason for his failure to timely request disclosure of the evidence that he regards as exculpatory and he failed to effectively demonstrate how the evidence he alleges was improperly withheld was "of sufficient significance to result in the denial of the defendant's right to a fair trial." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (quoting United States v. Agurs, 427 U.S. 97, 108 (1976)). The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

As for Bintzler's claims that his conviction came as a result of a coerced confession, this court rejected this claim on the basis Bintzler failed to present any argument as to how the Court of Appeals' rejection of these claims was plainly contrary to or an unreasonable application of a Supreme Court precedent. The Court of Appeals rejected these claims by saying that Bintzler failed to present any evidence that the police utilized coercive practices and this court held that this was not contrary to or an unreasonable application of clearly established Supreme Court

precedent. The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

As for Bintzler's claim that the trial court's refusal to allow him to present a justification defense violated his Due Process rights, this court determined that Bintzler procedurally defaulted this claim. On his direct appeal he failed to argue that this denial constituted a Due Process violation but instead argued that the denial was a violation of state law. Additionally, he failed to include it in his original or supplemental petitions for review to the Wisconsin Supreme Court. The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

Bintzler also raises three issues regarding his sentencing: (1) sentence was void for vagueness; (2) sentence violated double jeopardy; (3) sentence constituted an illegal sentence in absentia. As for Bintzler's claim that his sentence was void for vagueness, this court rejected this argument on the basis that Bintzler failed to demonstrate that the decision of the Wisconsin Court of Appeals was plainly contrary to or involved an unreasonable application of a clearly established Supreme Court precedent. Specifically, this court noted that Bintzler referred to only two cases of the Seventh Circuit Court of Appeals, neither of which were directly relevant, and failed to point to any Supreme Court. The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

As for Bintzler's claim that his sentence violated the double jeopardy clause of the Constitution, this court determined that Bintzler failed to demonstrate that this was contrary to or involved an unreasonable application of a clearly established Supreme Court precedent. In fact, this court determined that the most relevant Supreme Court precedent, United States v. Difrancesco, 449 U.S. 117 (1980), was not supportive of Bintzler's position. The court does not

believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim.

Finally, as for Bintzler's claim that his sentence constituted an illegal sentence in absentia, this court held that Bintzler failed to demonstrate how the trial court's actions constituted a violation of clearly established federal law. Rather, Bintzler's arguments focused upon alleged violations of state law and therefore failed to present a cognizable ground for federal habeas relief. The court does not believe that jurists of reason could debate this point and therefore Bintzler's request for a COA shall be denied as to this claim. Having determined that none of Bintzler's grounds for relief are debatable among jurists of reason, the court must deny Bintzler's request for a COA.

## MOTION TO SUPPLEMENT

Bintzler seeks to supplement the record with three pages of a transcript from Bintzler's federal sentencing. The respondent points out that this document is already part of the record and therefore Bintzler's motion is moot as to this exhibit. As for Bintzler's motion to supplement the record with a copy of a fax transmission, the respondent is unable to confirm if Bintzler previously provided this court with this document and objects to this tardy submission. The court finds no basis to accept these documents to supplement the record following this court's decision denying Bintzler's petition on its merits. At this stage, Bintzler's motion is relevant only to an appeal. However, in light of the fact a COA is a prerequisite to an appeal, Bintzler's motion to supplement is mooted by this court's denial of Bintzler's request for a COA. Therefore, Bintzler's motion to supplement shall be denied.

## MOTION TO RECONSIDER APPOINTMENT OF COUNSEL

Bintzler's motion to reconsider is largely a re-argument of Bintzler's earlier motion for the appointment of counsel. For the reasons set out in its earlier order denying Bintzler's motion for the appointment of counsel, the court shall deny Bintzler's motion for reconsideration. Additionally, given that Bintzler seeks the appointment of counsel for his appeal, Bintzler's motion to for reconsideration is mooted by the this court's denial of his request for a COA.

**IT IS THEREFORE ORDERED** that Bintzler's motion to proceed in forma pauperis (Docket No. 26) is **granted**.

**IT IS FURTHER ORDERED** that Bintzler's motion to supplement (Docket No. 28) is **denied**.

**IT IS FURTHER ORDERED** that Bintzler's motion for relief from judgment (Docket No. 31) is **denied**.

**IT IS FURTHER ORDERED** that Bintzler's motion for reconsideration of this court's denial of appointment of counsel (Docket No. 32) is **denied**.

**IT IS FURTHER ORDERED** that Bintzler's request for a certificate of appealability (Docket No. 33) is **denied**.

Dated at Milwaukee, Wisconsin this 19th day of March, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge